IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT WESLEY HALLMAN,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 12-661 |
| | : | |
| **ROBERT COLLINS, et al.,** | : | |
| _____ | : | |

## ORDER

**AND NOW**, this 19th day of February, 2013, upon consideration of Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, the District Attorney's response seeking dismissal of the petition, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Petitioner's objections thereto, it is hereby **ORDERED** that:

1.  Petitioner's objections are **OVERRULED**;

2.  The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

3.  The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to re-file at the conclusion of state court proceedings;[2]

4.  A certificate of appealability is **DENIED**.

BY THE COURT:
/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**

---

[1] We note that approximately seven months have passed since issuance of the Report and Recommendation. A review of Petitioner's state court docket reflects that there have been no actions taken by the state court during this time. Despite this additional delay, we still find that it would be premature to excuse the exhaustion requirement for "inexcusable or inordinate" delay. While three years have passed since Petitioner filed his PCRA petition, the state court record indicates that Petitioner filed an amended petition on October 11, 2011, approximately sixteen months from the date of this Order.

[2] Should the state court's progress in resolving the PCRA petition remain stagnant after the passage of more time, Petitioner may request that this Court re-examine whether the delay has become so excessive as to excuse exhaustion.